STATE OF NEBRASKA, APPELLEE, V. DAVID E. HOLMAN, APPELLANT.
424 N.W.2d 627

Filed June 24, 1988.    No. 87-915.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and James H. Spears for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The question dispositive of this appeal is whether it is permissible for law enforcement officers to serve a "daytime" warrant after dark. We hold that it is not.

The defendant, David E. Holman, after a bench trial, was found guilty of theft by receiving stolen property valued at more than $300 but less than $1,000. He appeals his conviction, citing as error the overruling of his motion to suppress evidence. We vacate Holman's sentence, reverse his conviction, and remand the cause for a new trial.

On March 31, 1987, at 4:20 p.m., the Douglas County Court issued a warrant permitting the search of Holman's residence for stolen Hummel figurines. By its terms the warrant was to be served during "daytime" hours.

Police officers arrived at Holman's home at approximately 8 p.m. on March 31 to execute the warrant. The evidence is undisputed that it was dark outside at that time. A search was conducted, during which officers seized and took possession of 10 Hummel figurines.

Holman was subsequently charged with theft. He moved to suppress the evidence seized during the search of his home.

Holman claimed the warrant was not executed during the daytime, as its terms required. The trial court overruled the motion to suppress, citing Fed. R. Crim. P. 41. This rule defines "daytime" to mean the hours between 6 a.m. and 10 p.m. It applies only to federal cases unless the rule is duly enacted or adopted by a state. The rule has not been enacted into law in Nebraska. We decline to adopt the rule.

In determining the correctness of the trial court's ruling on a motion to suppress, the Nebraska Supreme Court will uphold a trial court's findings of fact unless those findings are clearly wrong. *State v. Rowe*, 228 Neb. 663, 423 N.W.2d 782 (1988); *State v. Gibson*, 228 Neb. 455, 422 N.W.2d 570 (1988); *State v. Boysaw*, 228 Neb. 316, 422 N.W.2d 346 (1988).

Neb. Rev. Stat. § 29-814.04 (Reissue 1985) provides that a search warrant "shall direct that it be served in the daytime unless the magistrate or judge is satisfied that the public interest requires that it should not be so restricted . . . ." In Holman's case, the restriction was not lifted. The Nebraska Legislature has chosen not to define the word "daytime." It is a simple rule of statutory construction that terms which are not specifically defined are to be taken in the sense in which they are understood in common language. Neb. Rev. Stat. § 29-109 (Reissue 1985). Nighttime darkness is not commonly understood to be daytime. We hold that for the purposes of determining whether a search complied with the terms of a daytime search warrant, "daytime" extends from dawn to darkness. The warrant was not properly served, and the evidence seized should have been suppressed. The trial court's failure to suppress the evidence was clearly wrong.

One of the police officers involved testified that he obtained the search warrant at approximately 4:20 p.m. The parties stipulated that the sun set on March 31, 1987, at 6:47 p.m. Obviously, the police officers had ample time to serve the search warrant before nightfall. Under department policy, which apparently was adopted without legal advice, the officers believed they had until 10 p.m. to serve the daytime warrant. A police department has no authority to adopt or promulgate rules of criminal procedure. That is the function of the Legislature and the courts. Holman's sentence is vacated,

conviction reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.