STATE OF NEBRASKA, APPELLEE, V. RANDALL TRAHAN, APPELLANT.
428 N.W.2d 619

Filed September 2, 1988. No. 87-506.

Anthony S. Troia for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder for appellee.

BOSLAUGH, CAPORALE, and GRANT, JJ., and MULLEN, D.J., and COLWELL, D.J., Retired.

MULLEN, D.J.

As a result of a bench trial in the district court for Dodge County upon a stipulated set of facts, the defendant, Randall Trahan, was convicted of possession of cocaine, Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1986); promoting gambling, Neb. Rev. Stat. § 28-1102 (Reissue 1985); and possession of gambling records, Neb. Rev. Stat. § 28-1105 (Cum. Supp. 1986). The district court sentenced the defendant to a 3-year term of probation.

The defendant assigns as error: (1) The court erred in not suppressing evidence seized at the defendant's residence as fruit of an illegal search and seizure in violation of the Constitution of the State of Nebraska and the fourth amendment to the U.S. Constitution; (2) the court erred in not suppressing evidence seized at the defendant's residence which was outside the scope of the warrant issued; and (3) the court abused its discretion by its excessive sentence of the defendant.

We affirm.

On November 18, 1986, officers of the Fremont Police Department and Dodge County Sheriff's Department searched Randall Trahan's residence pursuant to a search warrant. The supporting affidavit for the warrant recited 10 occasions in which a law enforcement officer searched through the contents of garbage containers which had been placed for collection at the defendant's trailer house or at a tavern owned jointly by the defendant and his roommate. Gambling records were recovered from the trash on each occasion. In addition, the officer received information from an unspecified source that Randall Trahan and his roommate were engaged in bookmaking activities. The warrant was limited in its scope to the search for evidence of bookmaking and/or gambling materials.

While searching the defendant's bedroom, an officer discovered a vial on the defendant's dresser. Also on the dresser shelf near the vial were two straws, one of which had white powdery residue collected on and around it. The vial and white

powdery substance were in plain view as the officer conducted his search pursuant to the warrant. The officer opened the vial and found a substance which was later determined to be cocaine.

The defendant filed a motion to suppress evidence to the original one-count information containing the charge of possession of cocaine, on which motion evidence was adduced and the motion overruled. The county attorney later filed an amended information charging the two additional counts relating to the promotion of gambling and possession of gambling records. Defense counsel requested the court take judicial notice of the testimony relating to the previous motion to suppress evidence hearing, which the court did and summarily overruled defendant's motion to suppress evidence to counts II and III of the amended information.

The case was tried to the court on a stipulation of facts submitted by counsel for both parties. The stipulation recites facts which are sufficient for the trier of fact to find the defendant guilty on all three counts. The final paragraphs of the stipulation and request of the parties state as follows:

6. The evidence set forth in paragraphs 1 - 5 above would not be controverted by defendant, but defendant would object to the introduction of the fruits of the search warrant, and evidence derived therefrom, on the same basis as asserted in defendant's Motion to Suppress.

7. It is the intent of the parties hereto that this Stipulation resolve all elements of the offenses charged in favor of the State, while preserving the defendant's right to appeal the decision of the Court in overruling of defendant's Motion to Suppress.

WHEREFORE, parties request that the Court reach a verdict in this matter on the basis of this Stipulation and testimony received at the Motion to Suppress.

In addition, defense counsel stated to the court at the time of the offer of the stipulation:

Defendant, your Honor, pursuant to previous motions, which have already been filed in this case, argued in this case, we would reiterate and object to the basis of the evidence and ask the Court once again to suppress any

evidence based upon the unlawful search warrant in the matter.

The State argues that the defendant has waived any claim of error as to the seizure of the items in question because he stipulated to the facts constituting the offenses, which facts were sufficient to convict him.

In a criminal trial, after a pretrial hearing and order overruling a defendant's motion to suppress evidence, the defendant must object at trial to admission of the evidence which was the subject of the motion to suppress in order to preserve a question concerning admissibility of that evidence for review on appeal. *State v. Sock*, 227 Neb. 646, 419 N.W.2d 525 (1988).

This case is distinguished from *State v. Sock, supra* (failure of defendant to object at trial after motion to suppress overruled), *State v. Roggenkamp*, 224 Neb. 914, 402 N.W.2d 682 (1987) (motion to suppress overruled, but no objection made to receipt of evidence at trial on stipulated facts), and *State v. Davis*, 224 Neb. 205, 397 N.W.2d 41 (1986) (motion to suppress evidence was renewed at trial, but no objection was made to receipt of evidence at trial).

The defendant preserved his right of appeal by his objections contained in the stipulation and his objection to the receipt of the evidence at the time of trial.

Regarding defendant's first assignment of error, that the trial court erred in not suppressing evidence seized from the defendant's residence, the issue is substantially addressed in *California v. Greenwood*, ___ U.S. ___, 108 S. Ct. 1625, 100 L. Ed. 2d 30 (1988). In *Greenwood, supra*, a law enforcement officer asked the regular trash collector to pick up the plastic garbage bags that Greenwood left on the curb in front of his house and to turn the bags over to the law enforcement officer without mixing their contents with garbage from other houses. That procedure was followed, and the trash bags were subsequently searched by law enforcement officers and items were found indicative of narcotics use. Approximately a month later, a second search was completed substantially in conformity with the first, and again evidence of narcotics use was found. A search warrant was secured for the Greenwood

home; the warrant was executed; and the subsequent search found more evidence of narcotics trafficking. Justice White, delivering the opinion of the Court, stated: "An expectation of privacy does not give rise to Fourth Amendment protection, however, unless society is prepared to accept that expectation as objectively reasonable. Here, we conclude that respondents exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection." 108 S. Ct. at 1628.

As in *Greenwood*, the defendant placed his garbage at its normal site for collection, both at his residence and at his business. There was no evidence adduced at the hearing on the motion to suppress to suggest that the defendant would have reason to expect any greater privacy than any other member of the community would have in placing his garbage for regular collection. The Court further states in *Greenwood*:

> Accordingly, having deposited their garbage "in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it," *United States v. Reicherter*, 647 F.2d 397, 399 (CA3 1981), respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded.

108 S. Ct. at 1629.

In *Greenwood*, the Court held that the fourth amendment does not prohibit the warrantless search and seizure of garbage left for collection outside the curtilage of the home. The *Greenwood* Court, in citing *United States v. Thornton*, 746 F.2d 39 (D.C. Cir. 1984), observed that " 'the overwhelming weight of authority rejects the proposition that a reasonable expectation of privacy exists with respect to trash discarded outside the home and the curtilege [*sic*] thereof.' " 108 S. Ct. at 1630. In *State v. Vicars*, 207 Neb. 325, 330, 299 N.W.2d 421, 425 (1980), the court adopted language from *State v. Kender*, 60 Haw. 301, 588 P.2d 447 (1978), and said, " 'Curtilage is usually defined as a small piece of land, not necessarily enclosed, around a dwelling house and generally includes buildings used for domestic purposes in the conduct of family affairs.' "

The defendant had the use of an area extending to 12 feet

behind the trailer house. The garbage cans at the defendant's trailer residence were placed approximately 4 feet away from the back door of the trailer.

The U.S. Court of Appeals for the Seventh Circuit addressed the issue of trespassing by law enforcement officers in *United States v. Kramer*, 711 F.2d 789 (7th Cir. 1983), *cert. denied* 464 U.S. 962, 104 S. Ct. 397, 78 L. Ed. 2d 339, wherein evidence of marijuana sales was found in the defendant's garbage by law enforcement officers. The police had to trespass several feet to obtain the trash bags. The court of appeals said:

> Every trespass, by definition, invades someone's right of possession, but not every government trespass violates the Fourth Amendment. . . . Only those that infringe a privacy interest do; preventing others from using one's land in the circumstances here is certainly not a privacy interest. Therefore the district court's denial of the motion to suppress was proper.

711 F.2d at 794.

The district court made no finding as to whether the garbage in question was within the curtilage of defendant's property, but it appears that the placement of the garbage was in a location accessible to the public and placed for collection.

Although this case is one of first impression in this state, prior case law has been consistent with the *Greenwood* rationale. In *State v. Hodge and Carpenter*, 225 Neb. 94, 102, 402 N.W.2d 867, 873-74 (1987), the court, in quoting from *State v. Havlat*, 222 Neb. 554, 385 N.W.2d 436 (1986), stated:

> "[A] person's capacity to claim the protection of Article I, § 7, of the Nebraska Constitution as to unreasonable searches and seizures, like its counterpart, the fourth amendment of the U.S. Constitution, depends upon whether the person who claims such a protection has a legitimate expectation of privacy in the invaded place."

In *State v. Havlat, supra*, the court announced the open fields doctrine and cited as authority *Oliver v. United States*, 466 U.S. 170, 179, 104 S. Ct. 1735, 80 L. Ed. 2d 214 (1984), which states:

> [O]pen fields do not provide the setting for those intimate activities that the Amendment is intended to shelter from

government interference or surveillance. There is no societal interest in protecting the privacy of those activities, such as the cultivation of crops, that occur in open fields. Moreover, as a practical matter these lands usually are accessible to the public and the police in ways that a home, an office, or commercial structure would not be. It is not generally true that fences or "No Trespassing" signs effectively bar the public from viewing open fields in rural areas. . . . For these reasons, the asserted expectation of privacy in open fields is not an expectation that "society recognizes as reasonable."

Although the facts in *Havlat* are dissimilar to the facts recited herein, the standard of a legitimate expectation of privacy in property that society deems to be reasonable is appropriately applied to this case.

Garbage left for collection at a designated location and accessible to the public shall not be accorded constitutional protection. The defendant's first assignment of error is without merit.

The defendant's second assignment of error asserts that the trial court erred in not suppressing evidence at defendant's residence which was outside the scope of the warrant issued. As earlier indicated, the officer searching the premises pursuant to a search warrant for gambling paraphernalia observed a white powdery substance in close proximity to a vial and two straws, one of which had white powdery residue collected on and around it. The items were situated on top of a dresser shelf in defendant's bedroom and were in plain view. The officer suspected the vial contained contraband.

By walking through the various areas of defendant's trailer house to look for evidence of gambling, the officer did not extend his search beyond the permissible scope of the search warrant. The officer not only had a right to seize the vial to determine its contents, but any experienced law enforcement officer in such circumstances would be dutybound to retrieve the vial and determine whether or not it contained contraband. A law enforcement officer making a good faith effort to execute a valid search warrant may legally seize evidence of a crime not described in the warrant. *State v. Vrtiska*, 225 Neb.

454, 406 N.W.2d 114 (1987); *State v. Traxler*, 210 Neb. 435, 315 N.W.2d 440 (1982). If evidence of contraband is discovered inadvertently while it is in plain view, it may be seized if the officer has a right to be in the place where he has such a view. *State v. Holman*, 221 Neb. 730, 380 N.W.2d 304 (1986). In reviewing a trial court's order on a motion to suppress evidence, this court will not overturn the trial court's findings of fact unless such findings are clearly erroneous. *State v. Vrtiska, supra*.

The trial court had sufficient facts before it to conclude that the search of defendant's residence and seizure of property within it were reasonable. The findings of the trial court are not clearly erroneous.

The defendant's third assignment of error states that the court abused its discretion by its excessive sentence of the defendant. The sentence of the defendant was an order of probation for a duration of 3 years. The terms of probation included a $1,000 fine on count II, a $1,000 fine on count III, and a jail sentence of 90 days. The court indicated that the jail sentence also was imposed in connection with counts II and III. Further, the court ordered the defendant to enter an inpatient treatment center within 7 days after finishing the jail sentence and successfully complete the program and any aftercare. The court further indicated that the defendant is subject to chemical testing at any time upon the request of any probation officer or law enforcement officer.

For the purposes of sentencing, the court had at its disposal a presentence investigation which included information that the defendant had been convicted of driving while intoxicated on two previous occasions. The court also was provided a drug and alcohol evaluation of the defendant. The information contained in the presentence investigation was sufficient for the court to impose special conditions relating to defendant's drug and alcohol usage. The fines and the imposition of imprisonment did not exceed the statutory maximums for the offenses for which the defendant was convicted. The court did not abuse its discretion by incorporating special conditions in the order of probation which addressed the lifestyle of the defendant and the unique circumstances of this case.

Defendant's assignments of error having no merit, the judgment and sentence of the trial court are affirmed.

AFFIRMED.