STATE OF NEBRASKA, APPELLEE, V. MICHAEL W. CULLEN,
APPELLANT.
434 N.W.2d 546

Filed January 27, 1989.   No. 88-200.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Michael W. Cullen appeals his jury convictions for first degree sexual assault, use of a weapon in the commission of a felony, and two counts of burglary. We affirm.

For burglary of the sexual assault victim's apartment, Cullen was sentenced to 4 years' imprisonment; for the sexual assault, not less than 10 nor more than 20 years' imprisonment, the sentence to run consecutively to the burglary sentence. Cullen was also sentenced to 1 year's imprisonment for using a deadly weapon to commit a felony, which sentence was ordered to run consecutively to the sexual assault sentence. For burglary of the B.J. Moor apartment, which case was separately docketed but tried with the other charges, Cullen was sentenced to 5 years' imprisonment, that sentence to run concurrently with the other sentences.

Burglary and use of a weapon in the commission of a felony are Class III felonies, punishable by not less than 1 nor more than 20 years in prison, up to a $25,000 fine, or both. First degree sexual assault is a Class II felony, punishable by not less than 1 nor more than 50 years in prison. Neb. Rev. Stat. §§ 28-105, 28-507, 28-319, and 28-1205 (Reissue 1985).

The defendant claims that evidence seized at his residence in Massachusetts should have been suppressed because it was obtained pursuant to an invalid search warrant. The warrant was issued by a Massachusetts magistrate upon the request and accompanying affidavit of a Massachusetts state trooper. A Douglas County, Nebraska, sheriff's investigator worked with the trooper. It is Cullen's contention that the affidavit contained an untrue statement.

To invalidate a warrant on grounds that the supporting affidavit was false, the defendant bears the burden of showing that the affiant made a deliberate falsehood or acted with reckless disregard for the truth and that the challenged information was material or necessary to a finding of probable

cause. *State v. Hodge and Carpenter*, 225 Neb. 94, 402 N.W.2d 867 (1987). See, *State v. LeBron*, 217 Neb. 452, 349 N.W.2d 918 (1984); *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

On February 22, 1986, a young Omaha woman was forcibly sexually assaulted by a man who broke into her apartment. During the course of the assault, the victim was permitted to go to the bathroom, where the assailant had earlier removed his clothing. She found a checkbook in her assailant's coat pocket. Later, the victim was again permitted to return to the bathroom, where she removed a check from the checkbook and hid it. The check was imprinted with the names "B.J. Moor" and "Carolyn Moor."

The next morning, B.J. Moor, who lived in the same apartment complex as the sexual assault victim, noticed several items, including his wallet and checkbook, missing from his apartment. Because Moor's wallet contained a bank card, Moor called his bank and informed bank personnel of the theft. Moor learned a transaction had been recorded on his account that morning. Moor then called police.

Security officers viewed the video tape of persons using the automatic teller machine that morning. A photograph of the person using Moor's ATM card was obtained. This photograph was included in a six-photo lineup shown to the sexual assault victim. She positively identified the man in the picture obtained from the video camera as her assailant.

The photograph was distributed by the sheriff's department to the media and other law enforcement agencies. A Nebraska state trooper recognized the person in the photograph as her stepdaughter's boyfriend, Cullen. The trooper sent a snapshot of Cullen to the sheriff's office. Another six-photo lineup was arranged and shown to the victim on November 25, 1986. By this time, approximately 9 months had elapsed since the time of the assault. From a photo array containing the snapshot, the victim was not able to positively identify her assailant. However, she did select the snapshot of Cullen, the defendant, as a man who had many characteristics of her assailant.

After conducting this lineup, the sheriff's investigator obtained an arrest warrant for the defendant. Cullen was

arrested in Massachusetts. After Cullen was arrested, the search warrant at issue was obtained. The affidavit accompanying the request for a search warrant included many of the facts surrounding the Omaha crimes. The affidavit also included a statement that the sexual assault victim had identified Cullen from a photo lineup on November 25, 1986, as the assailant who had sexually assaulted her. We note that the only inaccuracy in this sentence is the date given. There was no showing that this inaccuracy was deliberate or made with reckless disregard of the truth. The victim did positively identify her assailant from a bank photograph. In the affidavit given to obtain the search warrant, the Massachusetts state trooper stated he had arrested Cullen and that Cullen, the defendant, was the person in the bank photograph.

The search warrant was served, and several items were removed from the defendant's residence. Among the items seized were a shirt, a coat, and a pair of boots later identified by the victim as those worn by her assailant.

At a suppression hearing prior to trial, the defendant argued that because the victim was not able to positively identify the defendant in the photo lineup shown her on November 25, 1986, the affidavit contained an untrue statement; the warrant issued was, therefore, invalid; and the clothing seized should be suppressed. The court overruled the motion to suppress after finding that the affidavit contained sufficient probable cause to justify a search without the questionable statement.

The duty of the Supreme Court in determining whether probable cause to issue a search warrant exists is only to ensure that the magistrate had a substantial basis for concluding that such existed. Probable cause is a reasonable suspicion founded on articulable facts. In evaluating the showing of probable cause necessary to support the issuance of a search warrant, only the probability, and not a prima facie showing, of criminal activity is required. A magistrate's determination of probable cause should be paid great deference by reviewing courts, and warrants should not be invalidated by interpreting the supporting affidavit in a hypertechnical, rather than a commonsense, manner. *State v. Hodge and Carpenter*, 225 Neb. 94, 402 N.W.2d 867 (1987). See, *State v. Abraham*, 218

Neb. 475, 356 N.W.2d 877 (1984); *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

We agree with the trial court's finding that even with the offending sentence removed, the affidavit contains sufficient probable cause for the issuance of a search warrant.

Nearly all of the facts surrounding the burglary and sexual assault are included in the affidavit. The affidavit also includes the fact that Cullen had been arrested for these crimes and that at the time of the arrest, he was wearing boots similar to those worn by the victim's assailant.

Further, the affidavit recites that a pickup truck with Nebraska license plates registered to the defendant was parked outside Cullen's residence. Finally, the affidavit states that "your affiant observed Michael Cullen during his arrest and has observed the photograph taken from the bank previously described in this affidavit and it is my opinion that the subject in the photo is in fact Michael Cullen."

After the offending statement is removed, the remaining facts articulated in the affidavit raise a reasonable suspicion of the probability of criminal activity. We find that those remaining facts are sufficient to ensure that the Massachusetts magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. We also find the error in the date contained in the affidavit was not deliberate or made with reckless disregard for the truth.

The trial court was correct in overruling defendant Cullen's motion to suppress evidence obtained from his Massachusetts residence pursuant to a search warrant.

The judgments and sentences of the trial court are affirmed.

AFFIRMED.