STATE OF NEBRASKA, APPELLEE, V. JOHN J. ARMENDARIZ, APPELLANT.

449 N.W.2d 555

Filed December 29, 1989.   No. 89-215.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

John J. Armendariz, pro se.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from the judgment of conviction and sentence for the offense of possession of a controlled substance, cocaine, Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1988). The appellant was sentenced to the maximum term for a Class IV felony, 20 months' to 5 years' imprisonment, and given credit for 95 days spent in custody prior to sentencing.

The appellant, pro se, and his counsel assign various errors, some relating to the issuance and execution of a search warrant for the premises at 1901 Park Avenue, apartment No. 2, Omaha, Nebraska; a certain 1966 Chevrolet Impala automobile; and the persons of John J. Armendariz and a female companion named Annette. Other assignments by the appellant, pro se, relate to the alleged incompetence of trial counsel.

The assignments are: (1) The affidavit was insufficient to establish probable cause for the search; (2) the warrant authorizing a nighttime search was executed in the daytime hours; (3) the use of a no-knock warrant in this case was constitutionally prohibited and not authorized by the statute; (4) defense counsel failed to inquire as to the credibility of the confidential informant whose information was relied on by the police and the issuing court; and (5) the evidence was insufficient to support the conviction. We will consider the errors in order.

In evaluating showing of probable cause necessary to support issuance of a warrant, only probability and not prima facie evidence of criminal activity is required. Probable cause is reasonable suspicion founded on articulable facts. *State v. Cullen*, 231 Neb. 57, 434 N.W.2d 546 (1989). In *State v. Duff*, 226 Neb. 567, 412 N.W.2d 843 (1987), we noted that the *Aguilar-Spinelli* tests for sufficiency of an affidavit were abandoned in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), in favor of the totality of circumstances

test. This court defined this test as meaning that if the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, indicate that there is a fair probability that evidence of a crime may be found at the place described, the affidavit is sufficient.

With the above considerations in mind, we consider the sufficiency of the affidavit. The affidavit, dated November 2, 1988, describes the places and persons to be searched and recites that within 48 hours of November 1, Omaha Police Sergeant Mark T. Langan was contacted by a confidential informant (previously reliable and responsible for a number of controlled purchases of cocaine). The informant observed the appellant and Annette conducting possible drug transactions. The informant advised Langan that the appellant sells cocaine exclusively during nighttime hours because of limited surveillance opportunities.

Surveillance was established on appellant, identifying his place of residence. Surveillants observed appellant's meeting with a male at a restaurant parking lot and observed him and his female companion enter an apartment complex at 67th and Grover Streets, and from there go to an outside pay phone at 60th and Grover Streets. From the pay phone, the appellant drove to 29th and Jackson Streets, where Annette left the car. Later, Annette returned to the car, which then left the scene.

The informant again contacted Langan and stated that he had observed appellant in the described car with a quantity of prepackaged cocaine and that appellant had access to additional amounts of cocaine and was selling it in the Omaha area. The informant also observed appellant with a large amount of currency, which, the informant said, appellant stated was made through his cocaine sales.

On a third occasion, the informant again contacted Langan. The informant advised Langan that appellant had told him that he had a quantity of cocaine for sale at the searched address. The three contacts and observations were made within 72 hours of the affidavit and warrant. In addition, two previous anonymous callers informed police that appellant was a cocaine dealer.

The affidavit also recites a previous conviction for possession of a controlled substance in 1979. The affidavit requested that a no-knock warrant be issued, since the narcotics could be easily destroyed. It further requested a nighttime warrant. The county court issued the warrant, and the same was executed on November 2, 1988. In the search, the officers recovered from the apartment a substance later identified at trial as cocaine.

As to the first assignment, the totality of the circumstances support the trial court's finding that there was a fair probability that evidence of a crime would be found at the place to be searched. The first assignment is without merit.

The second assignment of error involves the construction of Neb. Rev. Stat. § 29-814.04 (Reissue 1985). That section provides in part:

> The warrant shall command the officer named in the warrant to search the person or place named for the purpose specified. The warrant shall direct that it be served in the daytime unless the magistrate or judge is satisfied that the public interest requires that it should not be so restricted, in which case the warrant may direct that it may be served at any time.

The warrant, as issued, directed the warrant was to be served in the "night time." The alternatives in the statute are "daytime" or "any time." The warrant was served at or about 10:30 a.m. on November 2.

In *State v. Holman*, 229 Neb. 57, 424 N.W.2d 627 (1988), a warrant served in the nighttime, contrary to the warrant's directive that it be served in the daytime, resulted in the suppression of the seized items.

Appellant urges us to apply *Holman* literally. He ignores the reading of the statute that if a warrant is limited to daytime service, it may only be accomplished in the daytime; if not so limited, it may be accomplished anytime. As the warrant in this case was not so limited, its service in the daytime or nighttime was authorized. The assignment cannot be sustained.

In *State v. Meyer*, 209 Neb. 757, 311 N.W.2d 520 (1981), this court reviewed the circumstances justifying a no-knock, or no-notice, entry into a dwelling house for the purpose of

executing a search warrant. The court concluded that Neb. Rev. Stat. § 29-411 (Reissue 1985) was constitutional. The statute provides in part:

> In executing . . . a search warrant . . . the officer may break open any . . . door . . . of a dwelling . . . if, after notice of his office and purpose, he is refused admittance; *or without giving notice of his authority and purpose, if the judge or magistrate issuing a search warrant has inserted a direction therein that the officer executing it shall not be required to give such notice . . . . The judge or magistrate may so direct only upon proof under oath, to his satisfaction that the property sought may be easily or quickly destroyed or disposed of . . . if such notice be given*
> . . . .

(Emphasis supplied.)

This court held that the court can take judicial notice that substances such as cocaine may be easily and quickly disposed of by flushing down a drain. We concluded in *Meyer* that neither *Ker v. California*, 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963), nor *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980), nullifies the above provision of § 29-411. We reaffirm the reasoning in *Meyer*. The no-notice entry was authorized by statute and is not prohibited by the U.S. Constitution. Therefore, the third assignment of error is also without merit.

The fourth assignment of error raised by appellant, pro se, is that his counsel was ineffective by failing to require disclosure of more information regarding the confidential informant. Appellant asserts, all without foundation in the record, that his wish to call witnesses and his desire to request an in-camera hearing were disregarded by his counsel. He does not point to anything in the record indicating any possible prejudice by this alleged failure of counsel. To sustain a claim of ineffective assistance of counsel, the defendant must show (1) counsel's performance was deficient, and (2) such deficient performance prejudiced the defense. *State v. Kern*, 232 Neb. 799, 442 N.W.2d 381 (1989). The appellant here has shown neither of the two requirements of *Kern*. The assignment is meritless.

The final assignment of error is that the evidence adduced at

trial is not sufficient to sustain the verdict. Cocaine was seized from an apartment where appellant was living. The only element of the crime is possession. The assignment is not only meritless, but borders on the frivolous. The judgment and sentence are affirmed.

AFFIRMED.