591 So.2d 1049 (1991)
STATE of Florida, Appellant,
v.
Monica Lee FISHER and Brian Emerson Smith, Appellees.
Nos. 91-565, 91-566.
District Court of Appeal of Florida, Fifth District.
December 27, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellant.
Ed Leinster, Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from an order granting a motion to suppress.
The facts show that Officer Gordon Pleasants signed an affidavit stating that his investigative agency had received an anonymous complaint of possible drug activity at 264 Buttonwood Avenue. In response to the complaint, Pleasants stated that he and another officer, Kelting, had visually checked the residence on two occasions, one week apart, at which time they observed refuse located in front on the road right-of-way. On both occasions they removed a grey and black plastic garbage can. An inspection of the contents inside the can revealed documents showing the address of 264 Buttonwood Avenue along with suspected marijuana leafy material, seeds and stems. These items tested positive for marijuana.
Based on the above facts Officer Pleasants stated that it was his belief that marijuana was being used and stored on the premises at the Buttonwood Avenue residence and that probable cause existed for the issuance of a search warrant. The judge found the facts set forth in the affidavit sufficient to find probable cause to believe that controlled substances were being kept on the premises and curtilage of the residence. The officers conducted a search of the residence and the vehicles located thereon at which time they found a marijuana smoking pipe, a dollar bill rolled up like a straw, a triple beam scale, large empty plastic bags, a box of small plastic baggies, a hand grinder sifter with cocaine, a plastic bag with 225 grams of marijuana and an additional amount of marijuana under twenty grams.
*1050 Appellees were charged by information in two counts with possession of cannabis and possession of cocaine. They filed a motion to suppress the evidence obtained on the ground that the officers had unlawfully removed the garbage can located on the premises to search its contents. A hearing was held and Officer Pleasants testified that because he and Officer Kelting had not wanted to be seen by other residents in the area during daylight hours, they pulled up to the residence in a van, took the garbage can into their vehicle, drove around the corner one block away and emptied out the contents which were inside of a white plastic garbage bag. After examining the contents they returned the empty garbage can to the road right-of-way approximately five minutes later.
Pleasants testified further that on the second occasion, he and Kelting took the garbage can, at approximately 8:00 in the morning, from the residence to a shopping center approximately a half mile away and returned it between twenty and thirty minutes later. Defense counsel argued that although appellees might have given up their expectation of privacy in their garbage if they had merely abandoned it by the side of the road, the case was distinguishable because they had not abandoned their garbage can. Appellant argued in response that the officers' conduct of removing the garbage can from the premises for a short period was prompted by reasonable necessity. At the conclusion of the hearing the trial court granted appellees' motion to suppress. The court found that appellees had not abandoned their garbage can. Appellant moved for rehearing but the trial court denied the motion. The court reaffirmed its original finding further stating that the officers had technically committed a theft. We reverse.
In California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988) the United States Supreme Court held that there is no expectation of privacy in garbage left for collection in an area accessible to the public. In that case the police officer, after receiving incriminating information against Greenwood both from a criminal suspect and from a neighbor, surveilled his home at which time she observed several vehicles briefly stop late at night and early in the morning. She asked the garbage collector to pick up and give her the garbage bags which Greenwood had left on the curb in front of his house without mixing their contents with garbage from neighboring homes. The garbage collector did so and the officer found items indicative of drug use.
Summarizing the above information in an affidavit, the officer obtained a warrant to search Greenwood's home. The police found cocaine and hashish during their search of the house and Greenwood was arrested. They searched his garbage on a second occasion and again found evidence of drug use. After obtaining a second search warrant, they found more drugs and evidence of narcotics trafficking. Greenwood was arrested a second time. The Superior Court dismissed the charges and the Court of Appeal affirmed. The California Supreme Court denied the state's petition for review and the United States Supreme Court granted review. The Supreme Court reversed stating:
Here, we conclude that respondents exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection. It is common knowledge that plastic garbage bags left on or at the site of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public. See [People v.] Krivda, 5 Cal.3d, [357] at 367, 96 Cal. Rptr., [62] at 69, 486 P.2d 1262 at 1269 [(1971)]. Moreover, respondents placed their refuse at the curb for the express purpose of conveying it to a third party, the trash collector, who might himself have sorted through respondent's trash or permitted others, such as the police to do so. Accordingly, having deposited their garbage "in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it," United States v. Reicherter, 647 F.2d 397, 399 (CA3 1981), respondents could have had no reasonable expectation *1051 of privacy in the inculpatory items that they discharged. (footnotes omitted).
Id., 108 S.Ct. at 1628-1629.
Although the Supreme Court did not address the issue of whether contraband found in a garbage can as opposed to a plastic garbage bag lying on the street corner is probable cause to search a residence, this issue was addressed by this court in State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA), rev. dismissed, 441 So.2d 632 (Fla. 1983). In that case this court found the fact that marijuana and cannabis seeds were found in two plastic trash cans on two separate occasions within one month's time sufficient to establish probable cause to search a residence.
There is a split of authority on this latter issue in judicial decisions rendered after Greenwood. See United States v. Hedrick, 922 F.2d 396 (7th Cir.), cert. den., ___ U.S. ___, 112 S.Ct. 147, 116 L.Ed.2d 113 (1991) (no reasonable expectation of privacy in contents of garbage cans located on driveway fifty feet south of residence, twenty feet from unattached garage, twenty-five to thirty feet west of street and eighteen feet west of public sidewalk); State v. Trahan, 229 Neb. 683, 428 N.W.2d 619 (Neb.), cert. den., 488 U.S. 995, 109 S.Ct. 561, 102 L.Ed.2d 586 (1988) (no reasonable expectation of privacy in contents of garbage can located four feet away from back door of trailer). But see State v. Boland, 115 Wash.2d 571, 800 P.2d 1112 (Wash. 1990) (reasonable expectation of privacy in contents of trash cans located at corner); State v. Hempele, 120 N.J. 182, 576 A.2d 793 (1990) (reasonable expectation of privacy in contents of trash cans located at curbside in front of row house; privacy expectation not dependent upon whether garbage left outside or inside property line).
Although there are no cases which directly address the specific issue presented in this case, we find that the fact that a garbage can is temporarily physically removed from the road right-of-way, where a reasonable expectation of privacy would not otherwise exist, whether by the police or by a garbage collector, does not enhance a person's expectation of privacy therein, once he or she has shown an intent to relinquish the contents of the can.
The officers' removal of the garbage can from the premises of the Buttonwood Avenue residence in this case is a distinction without a difference to the result obtained in both the Supreme Court's decision in Greenwood and in this court's decision in Jacobs. Additionally, the trial court's reasoning in the present case that the officers committed a theft is erroneous because they did not possess the requisite intent to temporarily or permanently deprive the owners of the garbage can or of their right to use their property.
REVERSED and REMANDED for further proceedings.
W. SHARP and PETERSON, JJ., concur.