_____

No. 96-2381
_____

United States of America,         *
                                    *

        Appellee,            *
                                    *  Appeal from the United States
v.                            *  District Court for the District
                                    *  of Nebraska.
Jeffery Kosiba,            *
                                    *          [UNPUBLISHED]
        Appellant.          *
_____

Submitted:  October 23, 1996

Filed:  November 15, 1996
_____

Before MAGILL, BRIGHT, and MURPHY, Circuit Judges.
_____

PER CURIAM.


Jeffery Kosiba appeals from his conviction for possession with intent to distribute methamphetamine within 1,000 feet from a school.  The district court[1] denied Kosiba's motion to suppress evidence seized from his apartment.  Following that ruling, Kosiba pleaded guilty reserving the right to appeal the district court's denial of his suppression motion.  We affirm.


## I.  Background

On July 18, 1995, a confidential informant told Officer Dawn McKain, a veteran of the Omaha, Nebraska police department, that

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Jeffery Kosiba possessed one-half ounce of methamphetamine. The informant said he saw drugs and drug paraphernalia in the living room of Kosiba's apartment and that Kosiba was dealing drugs.

Using standard language, McKain prepared an application and affidavit (McKain affidavit) for a "no-knock" search warrant pursuant to Neb. Rev. Stat. § 29-411 (Reissue 1989). McKain's affidavit described the drug paraphernalia seen in Kosiba's apartment, but failed to mention the amount of drugs in his possession. McKain requested a "No Knock Search Warrant . . . because officers know from past experience that if they were to announce their presence and purpose the evidence being sought could easily be destroyed by flushing it down a toilet or sink, or by swallowing it." (Add. at 36a.) A county judge issued a search warrant authorizing a no-knock entry.

On July 27, 1995, before executing the search warrant, McKain learned from the informant that Kosiba had replenished his drug supply with marijuana and approximately one and one-half ounces of methamphetamine. In addition, the informant told McKain that Kosiba had several handguns, assault rifles and a shotgun in his small apartment.

Later that day, the police executed the search warrant without knocking and announcing their presence. The search uncovered methamphetamine in various places throughout the apartment, drug paraphernalia, three pounds of marijuana packaged for sale, a shotgun and ammunition for several types of guns.

The district court analyzed the search under the fourth amendment, determined that exigent circumstances justifying the no-knock entry existed when the officers executed the search warrant and denied Kosiba's motion to suppress the evidence. Kosiba pleaded guilty but reserved his right to appeal.

## II. Discussion

Kosiba argues that the issuance of the no-knock warrant resulted in an unreasonable search and seizure because McKain's affidavit consisted of "boilerplate language" relating to the destructibility of evidence and the officer's experience.  Kosiba contends that the good faith exception recognized in United States v. Leon, 468 U.S. 897 (1984), does not apply because the issuing judge merely rubber-stamped the officer's request and because the police failed to act in good faith.  Kosiba does not dispute that probable cause existed to issue the warrant.

"A district court's decision to deny a motion to suppress evidence seized pursuant to a search warrant will not be reversed unless it is `unsupported by the evidence, based on an erroneous view of the applicable law or we are left with a firm conviction that a mistake has been made.'" United States v. Phillips, 88 F.3d 582, 585 (8th Cir. 1996) (quoting United States v. Edmiston, 46 F.3d 786, 788 (8th Cir. 1995)).  The exclusionary rule does not apply to "evidence obtained in objectively reasonable reliance on a . . . search warrant . . . ." Leon, 468 U.S. at 922.  If, however, the affidavit and application for the warrant were "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable[,]'" the exclusionary rule applies.  Id. at 923 (quoting Brown v. Illinois, 422 U.S. 590, 610-11 (1975)).  "[T]he proper standard . . . is whether the state officials complied with Nebraska law and the Fourth Amendment, or, under Leon, had an objectively reasonable basis to believe they were complying with Nebraska law and the Fourth Amendment, in applying for and issuing the no-knock warrant." United States v. Moore, 956 F.2d 843, 848 (8th Cir. 1992).

Nebraska law authorizes no-knock warrants to prevent the destruction of drugs.  Id. at 848; see Neb. Rev. Stat. § 29-411.  In addition, the Nebraska Supreme Court allows issuing judges to

take judicial notice of the inherent destructibility of small quantities of drugs.  Id. at 848-49 (citing State v. Meyer, 311 N.W.2d 520, 524 (Neb. 1981)).

In Moore, an officer requested a no-knock warrant relying "upon his general experience in averring that a no-knock warrant was needed to prevent destruction of the suspected drugs."  Id. at 848.  The officer, however, "did not present particular information about the potential for rapid destruction . . . ."  Id. at 848-49.  This court held that the officer and the judge who authorized the no-knock entry acted in an objectively reasonable manner under Nebraska law because the affidavit suggested the suspect possessed easily disposable quantities.  Id. at 849 (noting that affidavit described drugs as packaged for sale).

As in Moore, Officer McKain's affidavit neglected to present particular information about the destructibility of the drugs, but included references suggesting easily disposable quantities of methamphetamine.  The affidavit stated that the informant saw narcotics for sale, hypodermic needles and scales.  Search warrants such as this one have been approved by Nebraska case law.  See State v. Eary, 454 N.W.2d 685 (Neb. 1990); State v. Armendariz, 449 N.W.2d 555 (Neb. 1989); State v. Meyer, 311 N.W.2d 520 (Neb. 1981).  Thus the officers could reasonably rely on the Nebraska warrant.

Additionally, the no-knock execution of the warrant did not violate the fourth amendment.  Under the fourth amendment, exigent circumstances, such as preventing the destruction of evidence and protecting officer safety, justify no-knock entries to execute a search warrant.  Wilson v. Arkansas, 115 S. Ct. 1914, 1918-19 (1995).  Exigent circumstances existed when the police executed the search warrant at Kosiba's apartment. Officers believed Kosiba possessed several weapons and an easily disposable quantity of drugs in a small apartment.  Thus, the officers reasonably believed that knocking and announcing their presence before entering

Kosiba's apartment could endanger their safety or result in the destruction of evidence.

**III.  Conclusion**

The district court properly denied the motion to suppress the evidence.  We affirm the conviction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.