STATE OF NEBRASKA, APPELLEE, V. JOHN M. REEDER, APPELLANT.

543 N.W.2d 429

Filed February 2, 1996. No. S-94-848.

Kirk E. Naylor, Jr., for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WHITE, C.J.

This is an appeal by John M. Reeder from the convictions and sentences of the felony offenses of possession of cocaine with intent to deliver and felon in possession of a firearm. At trial, Reeder filed a motion to suppress evidence seized from his residence, claiming that the search warrant executed to search the residence was not based on probable cause. The district court for Platte County overruled Reeder's motion to suppress, concluding that the warrant was based on probable cause. The

district court, in a bench trial, subsequently found Reeder guilty.

Reeder appealed to the Nebraska Court of Appeals, which affirmed. *State v. Reeder*, 95 NCA No. 22, case No. A–94–848 (not designated for permanent publication). The Court of Appeals held that the search warrant was not based on probable cause, but concluded that the evidence seized pursuant to the warrant was nonetheless admissible pursuant to the "good faith" exception to the exclusionary rule set forth in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). Reeder successfully petitioned this court for further review.

Reeder assigns one error to the Court of Appeals' decision. He contends that the Court of Appeals incorrectly applied the good faith exception set forth in *Leon* to prevent the exclusion of the evidence obtained pursuant to the search warrant. We agree with the Court of Appeals that the affidavit in support of obtaining the search warrant failed to establish probable cause; however, we disagree with the Court of Appeals that the *Leon* good faith exception applies to the circumstances of this case. Therefore, the evidence should have been suppressed, and we reverse the decision of the Court of Appeals and remand the cause with directions to vacate Reeder's convictions and dismiss the charges against him.

At 11:06 p.m. on September 26, 1993, a search warrant was issued permitting the search of Reeder, his residence, and a red 1979 Chevrolet van with the license plate number NE 25–G951. Investigator Galen D. Svoboda, a drug investigator for the Nebraska State Patrol, accompanied by two other officers, executed the warrant. The following items were seized as a result of these searches: over 30 grams of cocaine and related drug paraphernalia, a cocaine cutting agent known as inositol, a triple–beam scale, a revolver with ammunition, large firecrackers, and more than $1,000 in cash.

The warrant authorizing the search was based solely on a September 26, 1993, sworn affidavit and application of Investigator Svoboda. The affidavit stated various grounds in support of the issuance of the warrant. Five of the grounds supporting the warrant involved information anywhere from 4 months to 10 years old: (1) In 1983, a wiretap indicated Reeder

was involved in cocaine distribution; (2) in 1990, an informant stated that Reeder was a supplier of drugs; (3) in 1992, a reliable informant stated that Reeder was a cocaine dealer in Columbus; (4) in 1992, another confidential informant stated that Reeder distributed cocaine in Columbus and that the informant had received cocaine from Reeder in the past; the confidential informant also stated that three other parties—David Markovic, a confidential informant known as CI29–09–25–93 (CI), and the CI's close personal friend—had all obtained cocaine from Reeder; and (5) in March 1993, according to another reliable confidential informant, Reeder was a distributor of cocaine in Columbus.

The sixth paragraph of the affidavit pertained to information from the CI regarding alleged current drug activities of Reeder. Paragraph six stated:

> On 09–25–93, affiant received information from Sgt. Todd Thalken of the Columbus Police Department. Thalken had contact with CI29–09–25–93. At this time Thalken believed CI29–09–25–93 to be under the influence of alcohol because Thalken could smell the odor of an alcoholic beverage emitting from CI29–09–25–93. CI29–09–25–93 stated to Thalken, without being prompted or threatened, that there is an individual by the name of John Reeder who lives in an old school house North of Columbus, NE who deals in large quantities of cocaine and is currently in possession of approximately one pound of cocaine in his home. CI29–09–25–93 stated to Thalken that CI29–09–25–93 has purchased cocaine from Reeder in the past but is currently trying to quit using cocaine; that Reeder often goes to Omaha, Ne to a place that fixes motorcycles to get cocaine; that Reeder keeps the cocaine well hidden in his bedroom; Reeder does not use scales to measure off cocaine but, "eyeballs it" and if you want the cocaine weighed off you have to bring your own scale. CI29–09–25–93 stated that Reeder told CI29–09–25–93 that if his place was ever searched it would require a drug dog; that Reeder has threatened people in the past who may give information about his dealings to the Police; and that Reeder has boasted that he

has a woman who works in the Platte County Courthouse who knows about search warrant affidavits and informs Reeder about the affidavits. Thalken states that CI29-09-25-93 did not actually see this one pound of cocaine but spoke to a close personal friend, who CI29-09-25-93 named to Thalken and is known to affiant. This close personal friend told CI29-09-25-93 that this close personal friend purchased cocaine from John Reeder, at his residence, on 09-23-93 and that Reeder had a "rock" of cocaine about one pound in size. Thalken states that Thalken has know[n] CI29-09-25-93 for many years and that CI29-09-25-93 has never made false statements to Thalken before but that CI29-09-25-93 has never provided substantial information in the past. CI29-09-25-93 also told Thalken that this close personal friend would not assist in any investigation and should not be contacted.

The remainder of the affidavit stated that the "close personal friend" was the same person referred to by the other informants and that this person was known to Investigator Svoboda. The affidavit also stated that Investigator Svoboda had verified Reeder's ownership of the van often parked in front of Reeder's alleged residence and that he had verified the telephone number to the residence. Investigator Svoboda also stated in the affidavit that Reeder's family members advised a Platte County deputy sheriff on an unknown date that Reeder was violent, carried a pistol, and beat his sister. Investigator Svoboda also stated in the affidavit that Reeder's criminal history revealed an assault conviction in 1967 and a conviction of delivery of controlled substances in 1987.

On October 26, 1993, Reeder was charged with four felonies: possession with the intent to deliver a controlled substance—cocaine, failure to affix drug tax stamps on a controlled substance, possession of a firearm by a felon or fugitive, and first degree possession of explosives.

On March 4, 1994, Reeder moved to suppress the evidence obtained pursuant to the search warrant, alleging that the warrant was not based on probable cause. This motion was overruled by the district court, which concluded that the warrant

was based on probable cause.

At a trial before the court, jury trial being waived, Reeder made a continuing objection to the admission of the evidence obtained pursuant to the warrant. The district court found Reeder guilty of possession with intent to deliver a controlled substance—cocaine—and possession of a firearm by a felon or fugitive.

The Court of Appeals reviewed the trial court's overruling of Reeder's motion to suppress and the court's decision to admit the evidence obtained pursuant to the warrant. The Court of Appeals held that the information in the warrant regarding alleged activity from 1983 through May 1993 was stale, that the information provided by the CI was unreliable, and that, therefore, no probable cause existed to justify issuance of the warrant. However, the court concluded that the evidence need not be suppressed because it fell under the good faith exception to the exclusionary rule set forth in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). Based on the *Leon* good faith exception, the Court of Appeals affirmed the district court's ruling.

"A search warrant, to be valid, must be supported by an affidavit establishing probable cause, or reasonable suspicion . . . ." *State v. Grimes*, 246 Neb. 473, 478, 519 N.W.2d 507, 513 (1994). "It is beyond question that a motion to suppress is the appropriate remedy to exclude evidence which has been obtained through an invalid search warrant." *State v. Utterback*, 240 Neb. 981, 984, 485 N.W.2d 760, 766 (1992). However, evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral and detached magistrate later found to be invalid is nonetheless admissible. *Leon, supra.*

We agree with the Court of Appeals' holding that the information relating to alleged previous activities of Reeder was stale information that could not be used to support probable cause for the search in question. "Proof of probable cause justifying issuance of a search warrant generally must consist of facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time." *State v. Hodge and Carpenter*, 225 Neb. 94, 101, 402 N.W.2d 867, 873 (1987). As the Court of Appeals found, the information in the

affidavit of Reeder's alleged prior drug activities was not closely related in time and therefore was insufficient to justify probable cause for the search warrant.

We also agree with the Court of Appeals' holding that the information in the affidavit concerning the CI was insufficient to prove probable cause to justify the issuance of the search warrant.

> When a search warrant is obtained on the strength of an informant's information, the affidavit in support of the issuance of the search warrant must (1) set forth facts demonstrating the basis of the informant's knowledge of criminal activity and (2) establish the informant's credibility, or the informant's credibility must be established in the affidavit through a police officer's independent investigation.

*Grimes*, 246 Neb. at 479, 519 N.W.2d at 513.

Generally, there are four methods of establishing the reliability of an informant: (1) The informant has given reliable information to police officers in the past, (2) the informant is a citizen informant, (3) the informant has made a statement against his or her penal interest, or (4) the informant's reliability or the reliability of the information given by the informant is established by a police officer's independent investigation. *Grimes, supra.*

As the Court of Appeals found, the affidavit provides no substantial basis for establishing the credibility of the CI or of his close personal friend who provided information pertaining to Reeder's alleged drug–related activities. These two had not given reliable information in the past, they were not citizen informants, they did not make definitive statements against any possible penal interest, and no independent investigation as to reliability was conducted by the police. Therefore, as the Court of Appeals found, the affidavit in support of the search warrant failed to establish probable cause.

Although the Court of Appeals was correct in finding that the affidavit failed to establish probable cause, the Court of Appeals erred in determining that the evidence was nonetheless admissible under the good faith exception to the exclusionary rule as set forth in *United States v. Leon*, 468 U.S. 897, 104 S.

Ct. 3405, 82 L. Ed. 2d 677 (1984). As previously stated, under the *Leon* good faith exception, evidence obtained pursuant to an invalid search warrant may nonetheless be admissible if the evidence was obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate.

In regard to an officer's reasonable reliance on the invalid warrant, the test for reasonable reliance is whether the affidavit was sufficient to " ' "create disagreement among thoughtful and competent judges as to the existence of probable cause." ' " *State v. Parmar*, 231 Neb. 687, 697, 437 N.W.2d 503, 510 (1989) (quoting *U.S. v. Hove*, 848 F.2d 137 (9th Cir. 1988)). Also, this is an objective standard of reasonableness, which "requires officers to have a reasonable knowledge of what the law prohibits." *Leon*, 468 U.S. at 920 n.20. See, also, *United States v. Peltier*, 422 U.S. 531, 95 S. Ct. 2313, 45 L. Ed. 2d 374 (1975).

Pursuant to *Leon, supra,* suppression of the evidence remains appropriate if (1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his or her reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his or her judicial role; (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.

We find that it was entirely unreasonable for Investigator Svoboda to rely on the affidavit he presented in support of the search warrant. The affidavit simply lacks any information pertaining to the reliability of both the CI and his close personal friend. The affidavit is also lacking in any corroboration to the CI's statement that the close personal friend purchased cocaine 3 days prior to the issuance of the warrant and that Reeder had a "rock" of cocaine about 1 pound in size at the time of the alleged sale.

As the affidavit indicates, the CI was intoxicated at the time he divulged information to Officer Todd Thalken. The CI gave information based on what the close personal friend allegedly had stated to him and then told Officer Thalken that he should

not contact the close personal friend. Officer Thalken could not conclusively state that the CI was a reliable informant. Investigator Svoboda, in his affidavit, also could not conclude that either the CI or the close personal friend were reliable. Instead, he merely stated that he knew both of them.

As to the corroboration by independent investigation, the affidavit failed to contain sufficient information regarding corroboration to support a reasonable reliance on the affidavit. As the Court of Appeals found, the only investigation undertaken by Investigator Svoboda was to obtain incidental information as to Reeder's residence, phone number, and prior criminal history.

It is true that other more reliable informants in the affidavit state in their testimonials that they know the CI and the close personal friend. These informants also state that at the time they gave the information, they knew the close personal friend was receiving drugs from Reeder. However, none of this information relates to any activity conducted by the CI or the close personal friend in the 4 months prior to the warrant issuance date. Moreover, none of the information given by the other informants pertained to the reliability of the CI or the close personal friend.

The Court of Appeals, in its conclusion that the *Leon* good faith exception applied to this case, stated that

> although the affidavit may be lacking probable cause because of a lack of corroboration of the friend's information, the affidavit as a whole creates a good faith belief that Reeder was a drug dealer who had made a very recent sale to a known user and regular customer, i.e., the friend.

*State v. Reeder*, 95 NCA No. 22 at 15, case No. A–94–848 (not designated for permanent publication). The Court of Appeals misconstrues the standard behind the good faith exception. The standard is not whether an officer had a good faith belief that the defendant was a drug dealer, as the Court of Appeals stated; rather, the standard is whether the officer had a good faith belief that the affidavit submitted in support of obtaining the search warrant was based on probable cause. As previously stated, officers must act within the confines of the law and must, when acting on a reasonable belief, know what the law prohibits.

*United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). The law prohibits the issuance of a search warrant based on an affidavit lacking probable cause. *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994). Therefore, the affidavit as a whole must create a good faith belief that the affidavit is based on probable cause.

In sum, the information set forth in the affidavit was insufficient to such a degree that Investigator Svoboda was entirely unreasonable in believing that probable cause existed to support the issuance of the warrant. The affidavit fails to set forth any information as to the reliability of the CI's or the close personal friend's statements regarding Reeder's recent drug activities. Investigator Svoboda's failure to set forth in his affidavit any indicia of reliability, combined with the staleness of all other information set forth in the affidavit, prevents any reasonable reliance on a search warrant obtained on the basis of the affidavit. Therefore, the evidence obtained pursuant to the search warrant should have been suppressed.

Because he was convicted upon illegally obtained evidence, Reeder's convictions are reversed. There being no evidence of Reeder's guilt other than that which was seized pursuant to the invalid warrant, this cause is remanded to the Court of Appeals with directions to remand to the district court with directions to vacate Reeder's convictions and dismiss the charges against him.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

WRIGHT, J., dissenting.

I respectfully dissent. In my opinion, the majority has misapplied the good faith exception to the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

The Court held in *Leon* that evidence need not be suppressed when the police obtain it through objective good faith reliance on a facially valid warrant that is later found to lack probable cause. In applying this exception to the exclusionary rule, it is necessary to consider the objective reasonableness of the officers who provide information material to the probable cause determination. *Id.* The test for objective reasonableness is

whether the affidavit supporting the warrant was sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause. *Id.*; *State v. Parmar*, 231 Neb. 687, 437 N.W.2d 503 (1989).

It is particularly disturbing in the present case that the majority gives no weight to the finding of probable cause by the lower court judges in determining whether the officer acted with objective reasonableness. Investigator Svoboda's good faith belief in the existence of probable cause was confirmed by the judge who issued the warrant. The district court judge affirmed this probable cause finding at the suppression hearing. The Court of Appeals held that although the affidavit lacked probable cause, Investigator Svoboda's actions were objectively reasonable. This demonstrates overwhelmingly that Investigator Svoboda was objectively reasonable in believing that the affidavit established probable cause.

In my view, disagreement among thoughtful and competent judges as to the existence of probable cause should be accorded substantial evidentiary weight in any case where the objective reasonableness of an officer's actions is at issue. The purpose of the exclusionary rule is to deter police misconduct. *Leon, supra.* Suppression of evidence obtained pursuant to a warrant should be ordered only in those unusual cases where exclusion will further the purposes of the rule. *Id.* Where the officer's conduct is objectively reasonable, excluding the evidence will not further the ends of the exclusionary rule in any appreciable way. *Id.*

In the case at bar, the affidavit creates a reasonable belief that Reeder was a drug dealer who had made a very recent sale to a known user and regular customer. Thoughtful, competent judges disagreed as to whether this affidavit supported a finding of probable cause. The majority cites no evidence of bad faith or recklessness on the part of Investigator Svoboda. Accordingly, I would allow the evidence obtained by the officers and would affirm Reeder's convictions.

CONNOLLY, J., joins in this dissent.