STATE OF NEBRASKA, APPELLEE, V.
ANTOINETTE M. NELSON, APPELLANT.

574 N.W. 2d 770

Filed February 17, 1998.   No. A-97-565.

F. Michael Matthews for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

HANNON, MUES, and INBODY, Judges.

HANNON, Judge.

Antoinette M. Nelson appeals from her conviction of one count of possession of a controlled substance, cocaine, on the

grounds that the district court erred in overruling her motion to suppress. Having found no such error, we now affirm.

## FACTUAL BACKGROUND

On March 22, 1996, Officer Walt Ahlstrom and Officer Tim Andersen presented a Douglas County Court judge with a two-page affidavit and application for the issuance of a search warrant. The affidavit requested the issuance of a no-knock search warrant for 2033 North 29th Avenue, Omaha, Douglas County, Nebraska, a residence where the officers believed that there was cocaine, its derivatives, or its administering instruments. The affidavit listed the grounds for the issuance of the search warrant, in relevant part, as follows:

> Within the last 48 hours of Friday, 22 March 1996, Affiant Officers ANDERSEN and AHLSTROM were contacted by a confidential reliable informant hereafter referred to as the C/I. The C/I stated that he/she has had an occasion to be inside the residence of 2033 North 29th Avenue at which time he/she observed sales of crack cocaine taking place.

According to Officer Ahlstrom, after reading the affidavit, the judge asked the officers if the confidential informant had been inside the residence within the last 48 hours. Officer Ahlstrom testified that the informant had, in fact, told him that he/she had been inside the residence within the last 48 hours, that he and Officer Andersen had overlooked including such information in the affidavit, and that they then told the judge that "the CI had been in there within the last 48 hours." The judge, by handwritten interlineation, inserted the words "within the last 48 hours" into the second sentence of the above-quoted material so it read as follows: "The C/I stated that he/she has had an occasion within the last 48 hours to be inside the residence . . . ." The judge also wrote his initials in the right margin of that particular line. We note that the record is unclear as to when the judge swore the officers to the affidavit.

Upon execution of the search warrant on March 26, 1996, officers found cocaine and related paraphernalia in the residence. Nelson was charged with one count of possession of a controlled substance, cocaine. Thereafter, she filed a motion to

suppress all evidence seized by the police on March 26, alleging that the affidavit on which the search warrant was issued was insufficient as a matter of law.

The court overruled Nelson's motion to suppress, finding that (1) the affidavit, which included the written interlineation, demonstrated probable cause for the issuance of the warrant and (2) "the administerial errors" did not permit an inference of bad faith in obtaining the warrant and did not permit the sanction of suppression of the evidence obtained. After a stipulated bench trial in which Nelson preserved her objection, the court found Nelson guilty of possession of cocaine and sentenced her to a period of 2 to 3 years' imprisonment, with credit for time served. Nelson now appeals.

## ASSIGNMENT OF ERROR

Nelson alleges as the only assigned error that the court erred in overruling her motion to suppress. Though not specifically set forth in her assignment of error, Nelson essentially complains that the court erred in upholding the issuing judge's amendment of the affidavit.

## STANDARD OF REVIEW

■ A trial court's ruling on a motion to suppress, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. In making this determination, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *State v. Aguirre-Rojas*, 253 Neb. 477, 571 N.W.2d 70 (1997).

■ An appellate court has an obligation to reach an independent, correct conclusion regarding questions of law. *State v. Robbins*, 253 Neb. 146, 570 N.W.2d 185 (1997).

## ANALYSIS

■ A search warrant, to be valid, must be supported by an affidavit establishing probable cause, or reasonable suspicion founded upon articulable facts. *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994). In evaluating probable cause for the

issuance of a search warrant, the magistrate must make a practical, commonsense decision whether, given the totality of the circumstances set forth in the affidavit before him, including the veracity of and basis of knowledge of the persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* The duty of the reviewing court is to ensure that the issuing magistrate had a substantial basis for determining that probable cause existed. *Id.*

When a search warrant is obtained on the strength of an informant's information, the affidavit in support of the issuance of the search warrant must (1) set forth facts demonstrating the basis of the informant's knowledge of criminal activity and (2) establish the informant's credibility, or the informant's credibility must be established in the affidavit through a police officer's independent investigation. *Id.*

Nelson admits that "the supplementary language added by the magistrate creates the requisite probable cause . . . ." Brief for appellant at 15. However, she maintains that the issuing judge erred in adding such language because in doing so, (1) he failed to follow Neb. Rev. Stat. § 29-814.02 (Reissue 1995), governing the issuance of search warrants based on oral statements, by not using a voice recording device or stenographer, and (2) he abandoned his role as a neutral and detached magistrate.

Nelson's position is at odds with the Nebraska Supreme Court's decision in *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993). In *Garza*, the judge, in reviewing an affidavit for a search warrant based on information supplied by a confidential informant, noticed that the affidavit did not state that the informant was reliable. After the judge asked the officer if the officer had received information from the informant before, the officer handwrote language into the affidavit indicating that he had. Such addition occurred before the judge signed the warrant. In determining that such action was proper, the court stated, "The issuing judge correctly recognized the inadvertent omission of the 'reliability' language and properly inquired further on the matter. The questioning did not diminish the level of proof required in the affidavit and thus did not taint the affidavit." *Id.* at 589, 496 N.W.2d at 458. The court then went on to

say that even without the handwritten language, the affidavit provided the judge with adequate evidence of the informant's veracity and basis of knowledge.

In the instant case, the issuing judge similarly recognized that critical language, concerning the time when the confidential informant witnessed sales of crack cocaine, was omitted from the officers' affidavit. After questioning the officers and being told that such language had been mistakenly omitted, the judge amended the affidavit by interlineation. The questioning and subsequent interlineation by the judge was proper under *State v. Garza, supra,* because it did not "diminish the level of proof required in the affidavit and thus did not taint the affidavit." *Id.* at 589, 496 N.W.2d at 458. Furthermore, because the statement was written into the affidavit, there was no need to comply with § 29-814.02.

We note that the evidence adduced at the suppression hearing establishes that the judge swore Officer Ahlstrom (and, we presume, Officer Andersen as well) to the affidavit and that the judge signed the first page of the affidavit in the officers' presence. However, there is no evidence to establish whether the officers signed the affidavit before the judge inserted the relevant language. We therefore do not consider what the effect might be if the judge had inserted the language in the affidavit after it had been executed. A search pursuant to a warrant is presumed to be valid, and, if the police act pursuant to a search warrant, the defendant bears the burden of proof that the search or seizure is unreasonable. *State v. Flores,* 245 Neb. 179, 512 N.W.2d 128 (1994).

Despite Nelson's protestations to the contrary, the judge's actions in no way suggest that he abandoned his role as a neutral and detached magistrate. Legal scholars have noted that

> there is nothing improper in a magistrate rendering assistance to the police in preparation of a warrant affidavit. Such conduct "does not detract from his neutrality. It demonstrates it. His duty is not to 'rubber stamp' conclusory allegations, but to require adequate factual details or underlying circumstances. Neither does 'detached' mean that he must remain mute, and simply accept or reject an affidavit. Due process does not require the police officer to

keep presenting affidavits until he hits the mark or the contraband sought disappears."
2 Wayne R. LaFave, Search and Seizure, a Treatise on the Fourth Amendment § 4.2(d) at 451 (3d ed. 1996). We wholeheartedly agree.

## CONCLUSION

Nelson's arguments are without merit. Consequently, the court's denial of her motion to suppress is affirmed.

AFFIRMED.