STATE OF NEBRASKA, APPELLEE,
V. MICHAEL E. JOHNSON, APPELLANT.
589 N.W. 2d 108

Filed February 12, 1999.   Nos. S-97-632, S-97-633.

Thomas A. Fitch, of Fitch & Tott Law Firm, for appellant.

Don Stenberg, Attorney General, and Ronald D. Moravec for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ., and CHEUVRONT, D.J.

STEPHAN, J.

In these consolidated appeals, we granted the State's petition for further review of a decision by the Nebraska Court of Appeals which reversed Michael E. Johnson's convictions for possession with intent to distribute a controlled substance (methamphetamine and cocaine) and unauthorized possession of a controlled substance (diazepam), based upon that court's determination that a search warrant for Johnson's home was not supported by probable cause and that the fruits of the search were therefore not admissible. *State v. Johnson*, 6 Neb. App. 817, 578 N.W.2d 75 (1998). Finding no error, we affirm the judgment of the Court of Appeals in both cases.

## FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts are set forth in detail in the opinion of the Court of Appeals and are summarized here only to the extent necessary for our consideration of the issues raised in the petition for further review. At approximately 11:25 p.m. on May 19, 1995, police officers arrested Johnson in South Sioux City, Nebraska, pursuant to an arrest warrant on charges of failing to pay child support. Officer Terry Ivener conducted a pat-down search incident to the arrest and felt a small, cylindrical object in one of Johnson's pockets, which Johnson identified as a knife. Ivener retrieved the object, which was a small, clear plastic vial with a black lid containing several small, off-white "rocks." Chemical field tests performed at the scene of the

arrest confirmed Ivener's suspicion that the vial contained methamphetamine. The police officers then searched Johnson's vehicle, which he had occupied immediately prior to his arrest, and found a plastic bag containing two small paper packets which Ivener suspected to be "snow seals," commonly used as containers for controlled substances. Johnson's billfold was searched and found to contain an empty snow seal and $269.50 in cash.

Within hours after arresting Johnson, Ivener prepared an affidavit and complaint for a warrant to search Johnson's home for controlled substances, drug paraphernalia, currency, weapons, and other items generally associated with illicit drug trafficking. The affidavit described Johnson's arrest and the seizure of the vial "containing a substance later identified . . . as methamphetamine." However, the quantity of the substance was not stated in the affidavit. The affidavit also recited the discovery of the snow seals, which Ivener characterized on the basis of his training and experience as "an item used for the sale of controlled substances." The affidavit concluded with the following statements:

> 6. I am aware from my training and experience and from information received from other law enforcement officers that individuals frequently keep controlled substances on their persons; as well as at their residence.

> 7. I am aware from my training and experience, and from information received from other law enforcement officers, that individuals involved in the possession, use and distribution of controlled substances use paraphernalia to ingest the controlled substance and that this paraphernalia is retained by the individual for the [sic] future use and that this paraphernalia retains residue of the controlled substance.

> 8. I am aware that Michael E. Johnson is a person known to have engaged in the use and sale of controlled substances. I am further aware that Michael E. Johnson has previously been convicted of drug charges. I know that Michael E. Johnson lives at 3401 El Dorado Way, South Sioux City, Dakota County, Nebraska as I have been to his home on service calls on at least three separate occasions.

9. Based upon my knowledge and training in the area of dealing with persons suspected to be involved with the drug trade it is my belief that a search warrant on Michael E. Johnson's residence will needed [sic] to be served as soon as possible so as to avoid any possibility of destruction of evidence. Therefore, I request that this warrant be allowed to be served during the hours of darkness.

Pursuant to this affidavit, a magistrate issued a search warrant for Johnson's residence which was executed by Ivener at 2 a.m. on May 20, 1995. Items seized from the residence during this search included a small quantity of cocaine; tablets later confirmed to be diazepam; a triple-beam scale; precut small squares of glossy paper, alleged to be unused snow seals; two pair of scissors; a razor blade; a small, black, glass board; and drug paraphernalia. Johnson was then charged in separate informations with the two offenses of which he was eventually convicted.

Johnson filed a pretrial motion to suppress in each case, alleging that the search warrant was not supported by probable cause. During a suppression hearing on these motions, Ivener testified that he had been to Johnson's residence three or four times prior to May 19, 1995, in response to domestic calls. He admitted that he did not observe drugs or contraband on these occasions. He admitted that he had not been in Johnson's house on May 19 and that he did not have any direct knowledge of what may have been there on that date. He testified that his application for a search warrant was based entirely upon the controlled substance and the snow seals he had found on Johnson's person at the time of the arrest and the fact that other officers told him that Johnson had been previously convicted on an unspecified drug-related offense and had served time in jail. Ivener stated that he did not know the details of Johnson's prior conviction or when it occurred and that he had no personal knowledge about it. Finally, he testified that the relatively small quantity of methamphetamine and the snow seals found in Johnson's possession at the time of his arrest could be consistent with either personal use or distribution.

The trial court denied both of Johnson's motions to suppress evidence seized in the search of Johnson's home, finding that

the fact that the Defendant had a previous conviction for drug related offense and the Defendant was in possession of snow seals which had markings associated with the delivery or selling of controlled substances on them is probable cause to believe that controlled substances would be found at the Defendant's residence.

During Johnson's trial on the consolidated charges, evidence gathered from the search of his home was received over his objection. He was convicted of possession with intent to distribute a controlled substance (methamphetamine and cocaine), a Class III felony, for which he was sentenced to 2 to 4 years' imprisonment, and unauthorized possession of a controlled substance (diazepam), for which he received a concurrent sentence of 1 to 2 years' imprisonment. Johnson was also sentenced to 1 to 2 years' imprisonment on an unrelated conviction of failure to appear, to be served consecutively to the sentences involved in these consolidated appeals.

In his appeals, Johnson asserted that the district court erred in overruling his motions to suppress evidence seized during the search of his residence and admitting such evidence at trial over his objection. The Court of Appeals determined that Ivener's affidavit did not establish probable cause for issuance of the search warrant in that it contained generalizations about the habits of users and dealers of controlled substances but lacked "articulable facts . . . to support a finding of probable cause that these generalizations applied to Johnson." *State v. Johnson*, 6 Neb. App 817, 828, 578 N.W.2d 75, 83 (1998). The court concluded:

> The facts of Johnson's arrest hours earlier, of the discovery of drugs without an indication of the amount or an inference that the amount was other than that consistent with personal use, and of a prior conviction at some unspecified time in the past did not support the issuance of the search warrant.

*Id.* The Court of Appeals therefore reversed both convictions and remanded the cause in case No. A-97-632 for a new trial because of the existence of other admissible evidence. Based upon its determination that the conviction in case No. A-97-633 rested entirely upon the diazepam unlawfully seized during the

search of Johnson's residence, the Court of Appeals remanded that cause with directions to dismiss. We granted the State's petition for further review.

## ASSIGNMENTS OF ERROR

The State assigns that the Court of Appeals erred in (1) finding that the information contained in the affidavit did not provide probable cause for the issuance of the residence search warrant, (2) failing to find that the officers acted in "good faith" when executing the warrant, (3) reweighing or resolving evidence outside the confines of the affidavit for issuance of the warrant, and (4) issuing inconsistent opinions.

## SCOPE OF REVIEW

A trial court's ruling on a motion to suppress evidence, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. In making this determination, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *State v. Lytle*, 255 Neb. 738, 587 N.W.2d 665 (1998); *State v. Fitch*, 255 Neb. 108, 582 N.W.2d 342 (1998). However, to the extent questions of law are involved, an appellate court is obligated to reach conclusions independent of the decisions reached by the courts below. *State v. Fitch, supra*; *State v. Swift*, 251 Neb. 204, 556 N.W.2d 243 (1996).

## ANALYSIS

The principal issue raised in these cases is whether Ivener's affidavit was sufficient to establish probable cause for the issuance of a warrant to search Johnson's residence. This court has adopted the "totality of the circumstances" rule established by *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), as the basis for determining whether an affidavit is sufficient to establish probable cause for the issuance of a search warrant. *State v. Jackson*, 255 Neb. 68, 582 N.W.2d 317 (1998); *State v. Detweiler*, 249 Neb. 485, 544 N.W.2d 83 (1996); *State v. Utterback*, 240 Neb. 981, 485 N.W.2d 760

(1992). Under this standard, the question is whether, considering the totality of the circumstances, the issuing magistrate had a " 'substantial basis' " for finding that the affidavit established probable cause. *State v. Detweiler,* 249 Neb. at 489, 544 N.W.2d at 88. If the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, indicate there is a fair probability that evidence of a crime may be found at the place described, the affidavit is sufficient. *State v. Jackson, supra.*

Although the Court of Appeals articulated and applied the totality of the circumstances test in this case, it also stated the proposition that "[t]o be valid, the search warrant obtained . . . must have been supported by an affidavit establishing probable cause to search the home *or by reasonable suspicion based on articulable facts that evidence of crime would be found in the home.*" (Emphasis supplied.) *State v. Johnson,* 6 Neb. App. 817, 824, 578 N.W.2d 75, 80 (1998). The italicized portion of this proposition appears in several of our opinions beginning with *State v. Robish,* 214 Neb. 190, 332 N.W.2d 922 (1983). See, also, *State v. Lytle, supra; State v. Grimes,* 246 Neb. 473, 519 N.W.2d 507 (1994), *overruled on other grounds, State v. Burlison,* 255 Neb. 190, 583 N.W.2d 31 (1998); *State v. Flores,* 245 Neb. 179, 512 N.W.2d 128 (1994); *State v. Stott,* 243 Neb. 967, 503 N.W.2d 822 (1993); *State v. Morrison,* 243 Neb. 469, 500 N.W.2d 547 (1993); *State v. Farrell,* 242 Neb. 877, 497 N.W.2d 17 (1993); *State v. Utterback, supra; State v. Armendariz,* 234 Neb. 170, 449 N.W.2d 555 (1989); *State v. Cullen,* 231 Neb. 57, 434 N.W.2d 546 (1989); *State v. Hodge and Carpenter,* 225 Neb. 94, 402 N.W.2d 867 (1987); *State v. Abraham,* 218 Neb. 475, 356 N.W.2d 877 (1984). The Court of Appeals has also cited this proposition previously in reliance on our holdings. See, *State v. Nelson,* 6 Neb. App. 519, 574 N.W.2d 770 (1998); *State v. Flemming,* 1 Neb. App. 12, 487 N.W.2d 564 (1992).

The phrase "reasonable suspicion, supported by articulable facts, that criminal activity exists" is the test for determining the sufficiency of grounds for an investigatory stop. See, *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *State v. Soukharith,* 253 Neb. 310, 570 N.W.2d 344 (1997). In that

context, "reasonable suspicion" entails some minimal level of objective justification for detention, which has been described as something more than an inchoate and unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause. *United States v. Sokolow*, 490 U.S. 1, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989); *State v. Soukharith, supra.* Like probable cause, reasonable suspicion is determined from the totality of the circumstances. *State v. Soukharith, supra*; *State v. Ellington*, 242 Neb. 554, 495 N.W.2d 915 (1993). However, a reasonable suspicion sufficient to justify an investigative stop may exist even if probable cause is lacking under the Fourth Amendment. *State v. Soukharith, supra*; *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996); *State v. Staten*, 238 Neb. 13, 469 N.W.2d 112 (1991). To the extent that our decisions beginning with *State v. Robish, supra*, and continuing through *State v. Lytle, supra*, and those of the Court of Appeals in *State v. Nelson, supra*, and *State v. Flemming, supra*, suggest that issuance of a search warrant may be based upon something less than probable cause required by the Fourth Amendment, they are disapproved.

The State's petition for further review raises the issue of what "circumstances" may be examined under this test. As the Court of Appeals correctly stated in its opinion, an appellate court is restricted to consideration of the information and circumstances contained within the four-corners of the affidavit, and evidence which emerges after the warrant is issued has no bearing on whether the warrant was validly issued. *State v. Johnson, supra*, citing *State v. Utterback*, 240 Neb. 981, 485 N.W.2d 760 (1992). The purpose of the four corners doctrine is to require a police officer seeking a search warrant to include in the affidavit all information he or she possesses bearing on the probable cause determination at the time of issuance of the warrant, thus preventing supplementation of that information if the warrant is subsequently challenged. *State v. Barrilleaux*, 620 So. 2d 1317 (La. 1993). See, also, *State v. Payne*, 201 Neb. 665, 271 N.W.2d 350 (1978) (White, J., dissenting). We have also held that this doctrine precluded a defendant from challenging a search warrant on the ground that an informant who provided information contained in the affidavit subsequently proved to be unreliable

in deposition and trial testimony. *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

The State argues that by considering Ivener's testimony at the suppression hearing that the amount of controlled substance which he observed in Johnson's possession was "consistent with personal use" and that the "drug conviction" mentioned in the affidavit was 10 years prior to the incident involved in this case, the Court of Appeals "improperly utilized evidence outside the four corners of the affidavit, and reweighed evidence at the trial court level." Memorandum brief for appellee in support of petition for further review at 4.

The Court of Appeals wrote, "For the sake of completeness, we note that the testimony shows that the statement regarding Johnson's drug history pertains to a drug conviction which was 10 years prior to this incident." *State v. Johnson*, 6 Neb. App. 817, 826, 578 N.W.2d 75, 82 (1998). At the suppression hearing, Ivener was asked the date of Johnson's prior conviction referred to in Ivener's affidavit. He responded, "I don't know the details other than that he had been convicted and did some time for it." When questioned further, he indicated that the conviction occurred before he was hired by the South Sioux City Police Department in March 1994. Johnson's counsel then stated, "Okay. If I stated it was 10 years at least would you disagree with that?" Ivener replied, "I wouldn't disagree, because I don't know." While we do not regard this testimony as sufficient to support the aforementioned statement by the Court of Appeals, neither do we regard it as material to the Court of Appeals' conclusion or our review. The Court of Appeals determined that the information in Ivener's affidavit, including information regarding "a prior conviction at some unspecified time in the past" did not support the issuance of a search warrant. *Id.* at 828, 578 N.W.2d at 83. The fact that the conviction occurred at some unspecified time in the past is clearly within the four corners of the affidavit and is therefore properly considered in determining whether the affidavit provided an adequate basis for the issuance of the search warrant.

The affidavit stated that Johnson was in possession of methamphetamine at the time of his arrest. Facts relating to the

amount of the substance and whether it was consistent with personal use were omitted from the affidavit but supplied by Ivener in his testimony at the suppression hearing. The consideration by the Court of Appeals of information known to Ivener but omitted from his affidavit was consistent with our decisions in *State v. Utterback*, 240 Neb. 981, 485 N.W.2d 760 (1992), and *State v. Morrison*, 243 Neb. 469, 500 N.W.2d 547 (1993). In *Utterback*, we determined that in overruling a motion to suppress, a district court erred in failing to consider evidence at the suppression hearing that the officer was aware of certain facts affecting the reliability of an informant but omitted them from the affidavit used to obtain a search warrant. We held that the district court should have considered "whether the omissions from the detective's affidavit misled the county judge [who issued the warrant] and whether the omitted information was material to a determination of probable cause." *Id.* at 995, 485 N.W.2d at 772. We concluded that based upon the known facts which the officer omitted from the affidavit, there was no probable cause for issuance of the search warrant. *Id.* In *State v. Morrison, supra*, we considered the suppression hearing testimony of the officer who executed the affidavit, including details which had been omitted from the affidavit, and concluded that had this information been presented to the magistrate, there would still have been probable cause to issue the search warrant.

In *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), the court stated, "By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning." We agree and therefore conclude that in determining whether the affidavit was sufficient to establish probable cause for the search of Johnson's residence, the Court of Appeals was not precluded by the four-corners doctrine from considering information material to the determination of probable cause which was known by Ivener but omitted from his affidavit.

In the Court of Appeals' analysis, it correctly stated the rule that " ' "[p]roof of probable cause justifying issuance of a search warrant generally must consist of *facts* so closely related to the time of the issuance of the warrant as to justify a finding

of probable cause at that time." ' " (Emphasis omitted.) (Emphasis supplied.) *State v. Johnson*, 6 Neb. App. 817, 827, 578 N.W.2d 75, 82 (1998), quoting *State v. Reeder*, 249 Neb. 207, 543 N.W.2d 429 (1996), *cert. denied* 519 U.S. 1006, 117 S. Ct. 506, 136 L. Ed. 2d 397, quoting *State v. Hodge and Carpenter*, 225 Neb. 94, 402 N.W.2d 867 (1987). We agree with the Court of Appeals that the general statements in the affidavit concerning Johnson's prior conviction and involvement with controlled substances do not provide the temporal nexus necessary to establish probable cause. However, that nexus is present with respect to the methamphetamine and snow seals which were found in Johnson's possession hours before the search warrant was requested. The question, then, is whether these facts establish probable cause to believe that evidence of a crime would be found at Johnson's residence.

The State urges that we follow authority from other jurisdictions holding that a magistrate is entitled to draw reasonable inferences from the information in an affidavit, including the inference that drug dealers will have drugs in their homes. See, e.g., *United States v. Angulo-Lopez*, 791 F.2d 1394 (9th Cir. 1986). However, a common thread among these cases is that the affidavit provided facts establishing that the defendant was a drug dealer as opposed to someone in possession of drugs for personal use. See, e.g., *U.S. v. Williams*, 974 F.2d 480 (4th Cir. 1992) (affidavit clearly established that defendant was drug dealer); *Angulo-Lopez, supra* (evidence that defendant was engaged in drug trafficking); *State v. Godbersen*, 493 N.W.2d 852 (Iowa 1992) (large amount of cash and 12 baggies of marijuana were discovered in vehicle search); *State v. Bynum*, 579 N.W.2d 485 (Minn. App. 1998) (defendant sold drugs from his automobile).

In the present cases, we find nothing in the affidavit which would lead to a reasonable inference that Johnson was engaged in the sale of controlled substances at or near the time of his arrest. The general statement that Iverson was aware of Johnson's previous conviction of "drug charges" would not support such an inference, since there is no indication of the date of the conviction or whether it involved the sale, as opposed to possession, of controlled substances. Likewise, the fact that

Johnson was in possession of an unspecified quantity of methamphetamine and three snow seals, described in the affidavit as "an item used for the sale of controlled substances," provides no basis for inferring that Johnson was a seller of controlled substances, rather than a purchaser. Thus, even if we were to accept the State's premise that incriminating evidence is likely to be found in the homes of drug dealers, the affidavit on its face contains no facts from which it could reasonably be inferred that Johnson was a drug dealer at or near the time of his arrest. For these reasons, the district court's findings of fact upon which it denied Johnson's motions to suppress were clearly erroneous, and the Court of Appeals correctly concluded that Ivener's affidavit did not establish probable cause to justify the search of Johnson's residence.

The State also contends that the Court of Appeals erred in failing to consider and apply the "good faith exception" recognized in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). The exception provides that even in the absence of a valid affidavit to support a search warrant, evidence seized pursuant thereto need not be suppressed where police officers act in objectively reasonable good faith in reliance upon the warrant. We agree that the Court of Appeals should have addressed this issue, and we therefore do so on further review.

We summarized the principles governing application of the *Leon* good faith exception in *State v. Reeder*, 249 Neb. 207, 214, 543 N.W.2d 429, 434 (1996), *cert. denied* 519 U.S. 1006, 117 S. Ct. 506, 136 L. Ed. 2d 397 (1996), as follows:

> In regard to an officer's reasonable reliance on the invalid warrant, the test for reasonable reliance is whether the affidavit was sufficient to " ' "create disagreement among thoughtful and competent judges as to the existence of probable cause." ' " *State v. Parmar*, 231 Neb. 687, 697, 437 N.W.2d 503, 510 (1989) (quoting *U.S. v. Hove*, 848 F.2d 137 (9th Cir. 1988)). Also, this is an objective standard of reasonableness, which "requires officers to have a reasonable knowledge of what the law prohibits." *Leon*, 468 U.S. at 920 n.20. See, also, *United States v. Peltier*, 422 U.S. 531, 95 S. Ct. 2313, 45 L. Ed. 2d 374 (1975).

Pursuant to *Leon, supra,* suppression of the evidence remains appropriate if (1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his or her reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his or her judicial role; (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.

Additionally, we stated in *State v. Utterback,* 240 Neb. 981, 485 N.W.2d 760 (1992), that the *Leon* good faith exception does not preclude suppression where the issuing magistrate was misled by omissions in the affidavit. Thus, we held that "[o]missions in an affidavit used to obtain a search warrant are considered to be misleading when the facts contained in the omitted material tend to weaken or damage the inferences which can logically be drawn from the facts as stated in the affidavit." *Utterback,* 240 Neb. at 995, 485 N.W.2d at 772.

In the present cases, as in *Reeder* and *Utterback,* the officer who executed the search warrant was the same person who prepared the affidavit upon which it was issued. In *Reeder,* we held that it was entirely unreasonable for the officer to rely upon the affidavit he presented in support of the search warrant because it lacked any information pertaining to the reliability of an informant and another person who supplied the information set forth in the affidavit. In *Utterback,* we held that the good faith exception was inapplicable and suppression was required, because the information which the officer omitted from his affidavit was material to a determination of its probable cause such that the omission was misleading to the issuing judge.

We conclude that the affidavit upon which the search warrant was issued in the present cases was misleading in that it omitted the fact, known to Ivener, that the methamphetamine found in Johnson's possession was of a small quantity not inconsistent with possession for personal use. We note that Ivener had been employed in law enforcement for less than a year at the time of Johnson's arrest and testified that this was probably the first

occasion on which he submitted an affidavit in support of an application for a search warrant. He testified that his affidavit was not intended to mislead the issuing magistrate. While we do not conclude otherwise, we find that the facts omitted from his affidavit nevertheless weaken any possible inference that Johnson was a drug dealer who kept drugs at his residence, and the omission was therefore misleading under our analysis in *Utterback*. We therefore conclude that the *Leon* good faith exception is inapplicable in these cases.

Finally, the State argues that the results reached by the Court of Appeals in these cases are inconsistent with that in *State v. Pittman*, 5 Neb. App. 152, 556 N.W.2d 276 (1996). We need not decide this issue, since we find no error by the Court of Appeals in the present cases.

## CONCLUSION

In summary, we conclude that the Court of Appeals did not err in determining that the search warrant for Johnson's residence was not supported by probable cause. Based on this and our determination that the *Leon* good faith exception is inapplicable, we agree with the Court of Appeals that the fruits of the search were inadmissible and that the district court erred in overruling Johnson's motions to suppress and objections at trial. We therefore affirm the judgment of the Court of Appeals in both cases.

AFFIRMED.

MILLER-LERMAN, J., not participating.